{¶ 42} While I agree with the reasoned analysis of the majority opinion, I write separately with respect to appellant's fourth assignment of error. I'd like to make an observation that seems often to have been overlooked in cases, such as this one, in which the appellant presents a challenge to a sentence imposed since the Foster decision on grounds that the application of Foster violates his constitutional rights.
 {¶ 43} As the United States Supreme Court has noted, the rule as expressed in Apprendi v. New Jersey (2000), 530 U.S. 466 at 490, states that, in order to *Page 16 
comply with the Sixth Amendment, "[o]ther than the fact of a priorconviction, any fact that increases the penalty for a crime beyond theprescribed statutory maximum must be submitted to a jury * * *." Logically, therefore, a defendant such as appellant herein who has served a prior prison term, especially for a murder conviction, was never entitled "pre-Foster" to a "presumptive minimum sentence" for his conviction, as he argues.
 {¶ 44} Since appellant lacks standing to raise the argument he presents in his fourth assignment of error, I would overrule it on that basis. *Page 1